IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:20-cv-00315 ) |
| $35,081 UNITED STATES CURRENCY | ) Judge Aleta A. Trauger ) |
| Defendant. | ) ) |

## ENTRY OF DEFAULT

Pending is Plaintiff's Application to Clerk for Entry of Default as to Dazhinar Travon Watson, Sr. and all persons and entities who may have an interest in $35,081 United States Currency ("Defendant Property") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 9). For the following reasons, Plaintiff's Application is **GRANTED**.

Plaintiff filed its Verified Complaint In Rem on April 13, 2020, seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. §881(a)(6). (Doc. No. 1). Plaintiff filed the pending Application for Entry of Default on June 22, 2022. (Doc. No. 9).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). In support of its Application, Plaintiff filed the Declaration of Deborah Krause. (Doc. No. 10).

1

Pursuant to Fed. R. Civ. P., Supp. R. G, the United States is required to give direct notice to any known potential claimants. Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A). "Actual notice, however, is not required. Instead, the Government must show a reasonable attempt to provide actual notice." *United States v. Mayes*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3602971, at *5 (E.D. Tenn. July 5, 2018), *report and recommendation adopted*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3594986 (E.D. Tenn. July 26, 2018) (internal citations omitted). Notice may be sent to either the claimant or the attorney representing him or her with respect to the forfeiture or a related proceeding. Fed. R. Civ. P. Supp. G(4)(b)(iii)(B). "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002).

Krause declares that copies of the Verified Complaint and Notice of Judicial Forfeiture were sent to potential claimant, Dazhinar Travon Watson, Sr., via regular first class and certified mail on April 20, 2020. (Doc. No. 10 at PageID # 39-40), *see also* (Doc. No. 10-1). Ms. Krause's Declaration, and an independent review of the docket, confirms that no one has filed a claim or answer or otherwise entered an appearance in this action. (Doc. No. 10 at PageID # 40). Additionally, Ms. Krause confirms that Dazhinar Travon Watson, Sr. is not a minor or incapacitated person and is not in the military service, as evidenced by military status reports obtained from the Department of Defense Manpower Data Center. (Doc. No. 10 at PageID # 41; Doc. No. 10-3).

Pursuant to Fed. R. Civ. P., Supp. R. G, the United States is also required to give general notice of this In Rem action to the public. The United States may satisfy the public notice requirements of Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) with publication "on an official internet government forfeiture site for at least 30 consecutive days."

Krause declares that publication of the Notice of Judicial Forfeiture Proceedings was made online at www.forfeiture.gov, the official internet government forfeiture site, for 30 consecutive days beginning on April 21, 2020, and ending on May 20, 2020. (Doc. Nos. 10 at PageID # 39 and 10-2). Pursuant to Supplemental Rule G(5)(a)(ii)(B), all persons must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site."

More than sixty (60) days have passed since the first day of publication of the notice on the official government internet web site and no person or entity has filed a claim or answer, or otherwise made an appearance in this action. (Doc. No. 10 at PageID # 40). The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules has expired.

For the foregoing reasons, Plaintiff's Application to Clerk for Entry of Default as to Dazhinar Travon Watson, Sr. and all persons and entities who may have an interest in $35,081 United States Currency, (Doc. No. 9), is **GRANTED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court